## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| TORY GRAY, ID # 1289284, | ) | |
|       Petitioner, | ) | |
| vs. | ) | No. 3:09-CV-0304-O-BH |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|       Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County capital murder conviction in Cause No. F03-374017-JH.  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

The court of appeals affirmed the conviction on March 29, 2006.  *See Gray v. State*, No. 05-05-00566-CR, 2006 WL 785941, at *1 (Tex. App. – Dallas Mar. 29, 2006, pet. ref'd).  The Court of Criminal Appeals refused his petition for discretionary review (PDR) on November 15, 2006, and petitioner pursued no petition for writ of certiorari with the Supreme Court.  (*See id.*)  On September 26, 2007, petitioner filed a state application for writ of habeas corpus.  *See* S.H.R.[1] at 2.  The Court of Criminal Appeals denied that application on September 10, 2008.  *Ex parte Gray*, No. 69,251-03, slip op. at 1 (Tex. Crim. App. Sept. 10, 2008).

---

[1]  "S.H.R." refers to the state habeas record in this case.

On February 17, 2009, the Court received a federal petition for writ of habeas corpus from petitioner. (Pet. Writ of Habeas Corpus (Pet.) at 1.) He claims that (1) the evidence is legally insufficient to support his conviction and (2) there is a fatal variance between the allegations in the indictment and the proof adduced at trial. (*Id.* at 7; Mem. Supp. at 2-11.) In May 2009, respondent filed his answer and the state court records. (*See* Answer at 1.) Respondent asserts that this action is untimely, and that petitioner's claims have been procedurally defaulted and lack merit. (*See id.* at 4-15.) In June 2009, petitioner filed a reply. (*See* Petr. Rebuttal, hereafter Reply.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies to his case.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented

him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  The one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

Here, petitioner appealed his conviction; the Texas Court of Criminal Appeals refused his petition for discretionary review on November 15, 2006, and he filed no petition for writ of cert-iorari.  When a petitioner does not file a certiorari petition after his PDR has been refused, the state conviction becomes final for purposes of § 2244(d) upon the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the PDR.  *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); Sup. Ct. R. 13.  Consequently, petitioner's conviction in this case became final on February 13, 2007.

As for subparagraph (D), the facts supporting the claims raised in this action became known or could have become known through the exercise of due diligence prior to the date petitioner's conviction became final.  Both claims are based upon facts that he would have known well before the Court of Criminal Appeals refused his petition for discretionary review.  Because the subparagraph (A) provides the latest commencement date, the statute of limitations commenced on February 13, 2007.[2]

---

[2]  Petitioner contends that the limitations period did not begin to run until after the Texas Court of Criminal Appeals denied his state habeas application in September 2008.  (*See* Reply at 11.)  This contention ignores § 2244(d)(1) and confuses commencement of the limitations period with statutory tolling permitted by § 2244(d)(2).

**A.  Tolling**

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."  28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a state habeas application was pending before the Texas state courts.  *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state application for writ of habeas corpus on September 26, 2007, 224 days had passed since his judgment of conviction became final on February 13, 2007.  The filing of that application tolled the limitations period until the Texas Court of Criminal Appeals denied the application on September 10, 2008.  The limitations period resumed the next day, and expired 141 days later on January 20, 2009.  Because Petitioner's federal petition was filed on February 17, 2009, the day it was received in the mail, the statutory tolling provision does not save it.

In addition, nothing in petitioner's federal filings indicate that rare and exceptional circumstances warrant equitable tolling.[3]  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling).  To warrant such tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[3]  Relying on *Bowles v. Russell*, 551 U.S. 205 (2007), respondent argues that equitable tolling is no longer available in federal habeas actions.  (*See* Answer at 9.)  However, the Fifth Circuit has specifically rejected such argument.  *See United States v. Petty*, 530 F.3d 361, 364 n.5 (5th Cir. 2008); *Coker v. Quarterman*, 270 Fed. App'x 305, 308 n.1 (5th Cir. 2008) (per curiam).  In the absence of a specific pronouncement by the Fifth Circuit or the Supreme Court, this Court continues to consider equitable tolling in federal habeas actions.

circumstances stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Although petitioner appears to invoke principles of equitable tolling in his reply brief, he primarily complains about the delayed resolution of his state habeas application and exhibits a misunderstanding of the law and of statutes of limitations.  (*See* Reply at 9-14.)  Because the limitations period was statutorily tolled while petitioner's state habeas application was pending, the delay in resolving that application provides no basis for equitable tolling.  Furthermore, "ignorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).  Petitioner has made no showing which entitles him to equitable tolling.[4]

Because neither statutory nor equitable tolling save petitioner's February 17, 2009 filing, it falls outside the statutory period of limitations and should be deemed untimely.

**B.  Prison Mailbox Rule**

Petitioner contends that even though his common-law wife mailed his federal petition to the Court for him, the prison mailbox rule applies and renders his federal petition timely because it was mailed before the limitations period expired.  (Reply at 13-14.)  He had initially claimed that he placed his federal petition in the prison mail system.[5]  (*See* Pet. at 9.)

---

[4]  By letter received on November 19, 2008, petitioner sought a thirty-day extension of time to file his federal petition because his prison unit had been on lockdown. *See Gray v. Quarterman*, No. 3:08-CV-2068-D (N.D. Tex. filed Nov. 19, 2008) (treating letter as a motion for extension of time).  On December 23, 2008, the Court dismissed the motion for lack of jurisdiction without objection by petitioner. *See id.* (docs. 2-4).  Nothing in the letter warrants equitable tolling in this case.  An asserted "lock-down situation does not warrant equitable tolling when the petitioner proffers no explanation for why he could not have prepared and filed the federal petition prior to or during the lockdown." *Johnson v. Quarterman*, No. 3:07-CV-0480-L, 2007 WL 1888379, at *4 (N.D. Tex. June 29, 2007) (accepting recommendation of Mag. J.).  Petitioner has proffered no such explanation and has also not explained why he could not timely file his federal petition after the lockdown – he mailed his letter in November 2008 and had approximately two more months before the federal limitations period expired.

[5]  Respondent notes that the meter-stamp on the envelope used to mail the federal petition shows that it was mailed from Louisiana.  (*See* Answer at 5 (directing attention to last page of scanned image of petitioner's initial federal filing in this case).)  He also provides a computer-generated list of petitioner's visitors to show that petitioner has family and friends from Louisiana who visit him at prison, (*see* Ex. B to Answer), and an affidavit from the Mailroom Supervisor at petitioner's prison facility to show that petitioner mailed no legal mail through the prison mail system between January 20,

Under the prison mailbox rule, the date an inmate places a legal document in the prison mail system for submission to a federal court is deemed the date he filed such document.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (recognizing mailbox rule for appellate purposes); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (per curiam) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (per curiam) (relying on *Houston* to apply mailbox rule to filing of federal habeas petition).  The Fifth Circuit has recognized, however, that the mailbox rule is inapplicable in some circumstances.  *See Cousin v. Lensing*, 310 F.3d 843, 846 (5th Cir. 2002) (declining "to extend th[e] rule to prisoner litigants who are represented by counsel"); *Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994) (holding that a prisoner's use of an unknown agent to file his habeas appeal does not trigger mailbox rule).  In doing so, it recognized that the exception to normal filing requirements was premised on leniency toward *pro se* litigants and that other courts have declined to extend the rule when a prisoner used "a non-attorney intermediary to file their pleadings."  *Cousin*, 310 F.3d at 846 & n.2.  The Northern District of Texas has likewise declined to extend the rule to petitions filed by a friend or family member.  *See Puckett v. Quarterman*, No. 3:07-CV-1713-O, 2008 WL 857198, at *1 n.2 (N.D. Tex. Mar. 31, 2008) (accepting recommendation of Mag. J.); *Tello v. Quarterman*, No. 3:07-CV-0535-L, 2007 WL 2851102, at *2 n.1 (N.D. Tex. Sept. 28, 2007) (same); *Baker v. Cockrell*, No. 4:03-CV-001-A, 2003 WL 21946800, at *1, 4 (N.D. Tex. Aug. 14, 2003) (same).

Although not mentioned by the cited authorities, the Rules Governing Section 2254 Cases in the United States District Courts as amended in December 2004 also indicate that the mailbox rule

---

2009, and February 17, 2009, (*see* Ex. A to Answer).  Petitioner objects to consideration of these exhibits.  (*See* Reply at 13-14.)  Given his concession that his common-law wife mailed his federal petition on his behalf, consideration of the exhibits is not necessary for resolution of the issues.

is inapplicable in this case.  Rule 3(d) provides in pertinent part:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.

When an inmate sends a submission to an outside intermediary for filing with the court, he has not used the facility's internal mailing system for filing a legal document and receives no benefit from Rule 3(d).

Here, petitioner's undisputed use of an outside intermediary to file his federal petition renders the mailbox rule inapplicable in this case.  Consequently, his federal petition was filed on February 17, 2009, when received through the mail.  *See* Fed. R. Civ. P. 5(d)(2).  Because the petition was filed more than one year after his conviction became final on February 13, 2007, and neither statutory nor equitable tolling save it, it is untimely.

## III.  EVIDENTIARY HEARING

Based upon the information before the Court, this action is untimely and an evidentiary hearing appears unnecessary.

## IV.  RECOMMENDATION

The Court should  find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 30th day of July, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8